IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IRINA SCHMEDES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. _____ |
| | § | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

COMPLAINT

Plaintiff Irina Schmedes, for her Complaint against The Prudential Insurance Company of America, would show as follows:

Parties, Jurisdiction and Venue

1. Plaintiff is an individual citizen of Texas.

2. Defendant is a corporation not organized under Texas law and not maintaining its principal place of business in Texas, and may be served through its registered agent for service of process in Texas, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Jurisdiction is proper on the ground of diversity of citizenship under 28 U.S.C. §1332.

4. Venue is proper under 28 U.S.C. §1391.

Facts

5.  Prior to June 2, 2014, Plaintiff was a physician licensed in the State of Texas, covered by a long-term disability benefits policy issued in favor of the Texas Medical Association Insurance Trust, administered and insured by Defendant.  As of June 2, 2014, Plaintiff could no longer continue performing the material and substantial duties of her regular occupation as a physician. On July 23, 2014, Plaintiff accordingly made a claim to benefits under Defendant's long-term disability benefits policy.

6.  By letter dated December 17, 2014, Defendant denied benefits to Plaintiff under the long-term disability policy.

7.  By letter dated March 24, 2015, Plaintiff appealed Defendant's denial of benefits under the long-term disability benefits policy and by letter dated June 24, 2015, Plaintiff supplemented such appeal of Defendant's denial of benefits under the long-term disability benefits policy. In connection with the appeal and supplement, Plaintiff provided pertinent medical and other records of Plaintiff.

8.  As of August 9, 2015, Defendant failed to reverse its denial of long-term disability benefits to Plaintiff.

9.  In connection with its disposition of the claim of Plaintiff under the long-term disability benefits policy, including its denial of benefits to Plaintiff by its December 17, 2014 denial letter, Defendant owed a duty of good faith and fair dealing to Plaintiff, but engaged in conduct not consistent with its duty of good faith and fair dealing to Plaintiff.  Among other things,

(a) Defendant ignored, misrepresented, or improperly dismissed the significance of, medical records of Plaintiff, and other statements of Plaintiff's impairments.

(b) Defendant improperly applied the governing standard of disability under the long-term disability policy.

(c) Defendant failed to compare Plaintiff's impairments with the specific duties of her regular occupation within the scope of the actual governing disability standard.

(d) Defendant failed to take into account any non-physical aspects of Plaintiff's condition encompassed by the governing disability standard, including cognitive and physical and mental endurance demands and adverse effects of medication.

## Claim

10. For her first cause of action, Plaintiff would show that Defendant wrongfully denied benefits due to her under the long-term disability benefits policy. Defendant is accordingly liable for all benefits due but not paid to Plaintiff under the long-term disability benefits policy, the present value of all future benefits due under the long-term benefits policy, prejudgment interest, attorney's fees and costs of court.

11. For her second cause of action, Plaintiff would show that Defendant violated its duty of good faith and fair dealing to Plaintiff in that it delayed making payment of long-term disability benefits despite the fact that its liability to make payment of such benefits was clear. Defendant is accordingly liable for all benefits due but not paid to Plaintiff under the long-term disability benefits policy, the present value of all future benefits due under the long-term disability benefits policy, compensatory damages, punitive damages, prejudgment interest and costs of court.

12.     For her third cause of action, Plaintiff would show that Defendant violated Chapter 541 of the Texas Insurance Code in that it engaged in unfair and deceptive practices by delaying making payment to Plaintiff of long-term disability benefits it should have made and failed to avoid actions causing delay in the provision of long-term disability benefits to which Plaintiff was entitled despite the fact that its liability to make such payments was clear. Specifically, Defendant engaged in one or more of the following practices in violation of Chapter 541 of the Texas Insurance Code: it failed to attempt in good faith to pay long-term disability benefits due Plaintiff as and when appropriate even when its liability was reasonably clear, failed to promptly provide to Plaintiff a reasonable explanation of the factual and legal basis for the delay in payment of long-term disability benefits due to Plaintiff; failed to pay long-term disability benefits to Plaintiff within a reasonable time and failed to pay long-term disability benefits to Plaintiff without conducting a reasonable investigation of Plaintiff's claim to continuing long-term disability benefits. Plaintiff is accordingly entitled to recover her actual damages, attorney's fees and expenses, prejudgment interest, and costs of suit, and on account of the nature of the conduct of Defendant, including but not limited to its knowing nature, statutory additional damages as well as damages for mental anguish.

13.     For her fourth cause of action, Plaintiff would show that Defendant violated Chapter 542 of the Texas Insurance Code in that it did not timely investigate her claim under the long-term disability benefits policy, did not timely begin any investigation of the claim, did not timely accept or reject the claim, did not timely extend the deadline for deciding the claim and did not timely pay the claim. Specifically, after Plaintiff submitted her claim on

COMPLAINT – Page 4

July 23, 2014, Defendant did not timely accept or reject the claim within 15 days of the receipt of the claim, or even, notwithstanding the inconsistency with Chapter 542 of the claims and appeals provisions of the long-term disability policy, within 45 days of receipt of the claim, as provided for in such provisions, or within any validly sought initial or secondary 30 day extension under such provisions requiring proof of matters beyond the control of the plan dictating an extension, and, further, after Plaintiff submitted her March 24, 2015 appeal of the December 17, 2014 denial of her claim, Defendant did not timely accept or reject the claim within 15 days, or even, notwithstanding the inconsistency with Chapter 542 of the claims and appeals provisions of the long-term disability policy, "within 45 days of receipt of the appeal request," as provided for in such provisions, or within any validly sought single 45 day extension under such provisions, requiring proof of special circumstances dictating an extension, and even after Plaintiff supplemented her appeal of the December 17, 2014 denial of her claim on June 24, 2015, Defendant did not timely accept or reject the claim within 15 days, or even, notwithstanding the inconsistency with Chapter 542 of the claims and appeals provisions of the long-term disability policy, "within 45 days of receipt of [the] appeal request" as provided for in such provisions, requiring proof of special circumstances dictating an extension. Defendant has also failed to timely pay the claim. Plaintiff is accordingly entitled to recover her actual damages, attorney's fees and expenses, pre-judgment interest, and costs of court, statutory additional damages of 18% interest, prejudgment interest, her attorney's fees and costs of court.

      14.      Plaintiff requests a jury.

WHEREFORE, Plaintiff prays this Court grant her judgment against Defendant for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF